# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIN LIN, et al., <br>     Plaintiffs, <br> v. <br> INFINQUE JAMISON, <br>     Defendant. | Case No. 18-cv-07216-KAW <br><br> **ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND TO STATE COURT; ORDER GRANTING IN FORMA PAUPERIS APPLICATION** <br><br> Re: Dkt. Nos. 1, 2 |

On November 29, 2018, Defendant Infinque Jamison removed this unlawful detainer action from Contra Costa County Superior Court, and applied to proceed *in forma pauperis*. (Not. of Removal, Dkt. No. 1; IFP Appl., Dkt. No. 2.) On December 14, 2018, Plaintiffs moved to remand the case. (Dkt. No. 5.)

As removal is clearly improper, and the parties have not consented to the undersigned, for the reasons set forth below, the Court reassigns this case to a district judge and recommends that the case be remanded to state court. Additionally, the Court grants Defendant's application to proceed *in forma pauperis.*

## I. BACKGROUND

Plaintiffs Lin Lin and Real Commercial Property, Inc. commenced this unlawful detainer action against Defendant in Contra Costa County Superior Court on or around October 15, 2018. (Not. of Removal at 9.) The complaint contains a single cause of action for unlawful detainer. *Id.* The case is a "limited civil case," in which Plaintiff seeks immediate possession of a certain property located in Antioch, California, which Defendant occupies.

On October 12, 2018, Plaintiff allegedly served a written notice on Defendant to pay rent or quit within three days. (Not. of Removal at 12.) On October 15, 2018, Plaintiff filed the instant

unlawful detainer suit in state court, and summons was issued. (Not. of Removal at 9, 11.) On November 29, 2018, Defendant removed the action to federal court on the grounds that it presents a federal question. (Not. of Removal at 2.)

## II. LEGAL STANDARD

Federal courts exercise limited jurisdiction. A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. *See* 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *See id.* at 566-67.

Federal district courts have original jurisdiction over actions that present a federal question or those based on diversity jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002). Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). "[A] case may not be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

## III. DISCUSSION

Defendant removed this unlawful detainer action from state court on the grounds that the

district court has jurisdiction because the case presents a federal question.

Defendant claims that a federal question exists because Defendant withheld the rent owed due to Plaintiff discriminating against Defendant by violating the Fair Housing Act and 42 U.S.C. § 3604(f)(3). (Not. of Removal ¶¶ 5-6.) The well-pleaded complaint rule, however, prevents the Court from considering any additional claims, such that a defendant cannot create federal question jurisdiction by adding claims or defenses to a notice of removal. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009); *see also McAtee v. Capital One*, *F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal). Accordingly, Defendant's defense that his failure to pay rent was warranted by federal statutes does not establish federal question jurisdiction in this matter. *See Valles v. Castillo*, Case No. CV 14-9857 SJO (MRWx), 2015 U.S. Dist. LEXIS 8669, at *4 (C.D. Cal. Jan. 26, 2015) ("Even if Defendants could raise a legally cognizable defense to Plaintiff's unlawful detainer action under the Fair Housing Act or the Americans with Disabilities Act, such a defense, as stated above, cannot convert a state-law claim into a federal one."); *U.S. Bank Nat'l Ass'n v. Jaime*, Case No. CV 13-9457 UA (DUTYx), 2014 U.S. Dist. LEXIS 3259, at *3 (rejecting the defendant's contention that there was federal question jurisdiction based on the defendant withholding rent due to the plaintiff's alleged violations of the Fair Housing Act and 42 U.S.C. §3604(f)(3) because the "allegations regarding such violations may be raised as a defense in the Unlawful Detainer Action. To invoke removal based upon federal question jurisdiction, however, the federal issue or claim must arise in the underlying complaint the removal of which is sought."). Thus, Defendant's contention that there are federal questions at issue in this litigation is misplaced.[1]

### IV. CONCLUSION

For the reasons set forth above, the Court REASSIGNS this action to a district judge with

---

[1] Defendant would also not be able to remove based on diversity jurisdiction because under the forum defendant rule, "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Here, Defendant is a citizen of California. Thus, the forum defendant rule applies, and the actions is not removable on the basis of diversity jurisdiction.

3

the recommendation that the action be REMANDED to state court for further proceedings. The Court GRANTS Defendant's request to proceed *in forma pauperis*. In light of the recommendation that the case be remanded *sua sponte*, the Court recommends that the motion to remand be denied as moot.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: December 17, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge